IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUDIO VISUAL SERVICES CORP., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0381 |
| | § | |
| FELTER INTERNATIONAL, INC., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## ORDER

This case is before the Court on Plaintiff's Motion for Leave to Supplement Complaint [Doc. # 28], which is actually a request for leave to amend. Defendant Prime Link Transport, Ltd. ("Prime Link"), filed a response in opposition to Plaintiff's Motion [Doc. # 30], and Plaintiff filed a Reply [Doc. # 32].

Plaintiff filed this lawsuit on February 4, 2005, and Prime Link filed its Answer on July 1, 2005. Prime Link did not assert the Carmack Amendment as an affirmative defense in its original answer. The deadline for amendments to pleadings was January 31, 2006. *See* Order [Doc. # 17]. Plaintiff did not request leave to amend its complaint until February 10, 2006. Leave to amend after the deadline in the court's scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure. "Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has

been issued by the district court. Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.' The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend;  (2) the importance of the amendment;  (3) potential prejudice in allowing the amendment;  and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 546.

In this case, Plaintiff moved for leave to amend to add a claim under the Carmack Amendment after Defendant on January 30, 2006, requested and obtained leave to file an amended answer asserting the Carmack Amendment as an affirmative defense for the first time since the case was filed on February 4, 2005.  If Defendant is correct that the Carmack Amendment bars Plaintiff's claims, the amendment is vital to Plaintiff's ability to pursue redress.  The only prejudice to Defendant is that its attempt to raise its Carmack Amendment defense at the last minute will not succeed. Discovery in this case does not close until June 30, 2006 and, therefore, there is no need for a continuance to cure any potential prejudice.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to [Amend] Complaint [Doc. # 28] is **GRANTED**.

SIGNED at Houston, Texas, this **28th** day of **February, 2006**.

_____
Nancy F. Atlas
United States District Judge