IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUDIO VISUAL SERVICES CORP., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0381 |
| | § | |
| FELTER INTERNATIONAL, INC., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## ORDER

Plaintiff Audio Visual Services Corp. ("Audio Visual") shipped electronic equipment from Toronto, Canada to Dallas, Texas. The equipment was damaged when the truck operated by Prime Link Transport, Ltd. ("Prime Link"), the carrier, jack-knifed in Bowie County, Texas. The case is before the Court on Defendant Prime Link's Motion for Summary Judgment on Texas-Law Claims [Doc. # 37], to which Plaintiff filed a Response [Doc. # 40].

The Carmack Amendment is "the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003). Prior to January 1, 1996, the Carmack Amendment applied to shipments ***from*** the United States ***to*** a foreign country, but it did not apply to shipments such as the one in this case which

originate in a foreign country and travel into the United States. *See, e.g., Capitol Converting Equipment, Inc. v. LEP Transport, Inc.*, 965 F.2d 391, 393-95 (7th Cir. 1992). Effective January 1, 1996, however, the Carmack Amendment was modified to apply to the domestic portion of motor carrier transport "***between*** a place in . . . the United States and a place in a foreign country . . . ." 49 U.S.C. § 13501(1)(E) (emphasis added).

Plaintiff does not dispute that courts that have ruled on the issue, including federal district courts in Texas, have held that since January 1, 1996, the Carmack Amendment applies to the domestic portion of shipments from a foreign country into the United States. *See, e.g., Berlanga v. Terrier Transp., Inc.*, 269 F. Supp. 2d 821, 827 (N.D. Tex. 2003); *Vesta Forsikring AS v. Mediterranean Shipping Co.*, 2001 WL 1660255, ** 2-3 (S.D. Tex. August 10, 2001). Instead, Plaintiff notes that the Fifth Circuit has not yet ruled on the issue and asks the Court not to rule until the Fifth Circuit does. It seems clear, however, as other courts have held, that the Carmack Amendment since January 1, 1996 applies to shipments from foreign countries into the United States. As a result, the Court declines to delay ruling on the pending motion and it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment on Texas-Law

Claims [Doc. # 37] is **GRANTED** and the state law claims are **DISMISSED**.

SIGNED at Houston, Texas, this **18th** day of **April, 2006**.

Nancy F. Atlas
United States District Judge