## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| AUDIO VISUAL SERVICES CORP., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0381 |
| | § | |
| FELTER INTERNATIONAL, INC., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Partial Summary Judgment [Doc. # 44] filed by Plaintiff Audio Visual Services Corp. ("Audio Visual") seeking summary judgment that Defendant Prime Link Transport, Ltd. ("Prime Link") is not entitled to a limitation of liability under the Carmack Amendment. Prime Link filed a Response and Cross-Motion for Summary Judgment on Limitation of Liability [Doc. # 46]. Audio Visual filed a Response [Doc. # 49] to Prime Link's cross-motion. Each party seeks summary judgment on the limitation of liability issue based on its own view of the facts. Because there are genuine issues of material fact, the Court **denies** both motions.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Audio Visual shipped electronic equipment from Dallas, Texas, to Toronto, Canada for a trade show. After the show, Audio Visual shipped its equipment back

to Dallas.  Audio Visual hired Defendant Felter International, Inc. ("Felter") to arrange the transportation for the equipment.  Felter hired Walker Transport to take the equipment from Dallas to Toronto, and hired Prime Link to take the equipment from Toronto back to Dallas.

The equipment was damaged when the Prime Link truck jack-knifed in Bowie County, Texas.  Audio Visual submitted a claim for the loss to its insurance carrier, which paid the full $414,148.94 claim, less the $15,000 deductible.

Audio Visual sued Prime Link and Felter for the damage to its equipment. Default judgment was entered against Felter.  *See* Final Default Judgment [Doc. # 39].  Additionally, summary judgment was entered in favor of Prime Link on Audio Visual's state law claims.  *See* Order [Doc. # 41].

Prime Link asserted that its liability is limited to $52,439.27.  It is this limitation of liability issue that is currently before the Court and ripe for decision.

## II.   ANALYSIS

### A.   Standard for Summary Judgment

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The

moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *de la O v. Housing Authority*, 417 F.3d 495, 501 (5th Cir. 2005).  If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial.  Rule 56(e).  *Id.*  The court construes all facts and considers all evidence in the light most favorable to the nonmoving party.  *Willis v. Coca Cola Enterprises, Inc.*, 445 F.3d 413, 416 (5th Cir. 2006).

### B.    Carmack Amendment and Limitation of Liability

The Carmack Amendment, 49 U.S.C. § 14706, is "the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier."  *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003).  A carrier such as Prime Link that seeks to limit its liability under the Carmack Amendment must show that it gave the shipper a reasonable opportunity to choose between two or more levels of liability.  *Id.*  A shipper has such an opportunity if it has "both reasonable notice of the liability limitation and the opportunity to obtain information necessary to making a deliberate and well-informed choice."  *Id.* at 779 (quoting *Hughes v. United Van Lines*, 829 F.2d 1407, 1419 (7th Cir. 1987)).

In this case, there is conflicting evidence regarding whether Audio Visual had reasonable notice of the liability limitation.  Audio Visual argues that there are no documents from Prime Link setting forth the limitation of liability.  There is, however, evidence in the record that Audio Visual was aware, either directly or through its agent's knowledge,[1] that industry standard was a limitation of liability of "$2 per pound" where, as here, the value of the shipment was undeclared.  There also is evidence that Prime Link would offer a choice of rates upon request, but only upon request.

There is evidence that the shipper, Audio Visual or its agent, prepared a "bill of lading" and provided it to the Prime Link driver at the inception of the trip from Toronto to Dallas.  The alleged "bill of lading" contains boxes to check which appear to contain different liability levels.  There is a separate box, left blank on the alleged bill of lading, for declaring the value of the shipment.  Whether Audio Visual had reasonable notice of the liability limitation asserted by Prime Link and the opportunity to obtain information necessary to make its choice is a question of fact to be decided at trial.

---

[1]      A factual dispute exists regarding whether Felter, who was hired by Audio Visual and in turn hired Prime Link, was Audio Visual's agent such that its knowledge of the industry standard should be imputed to Audio Visual.

Audio Visual challenges the "bill of lading" on which Prime Link relies, noting that the document is not signed by Prime Link and does not identify Prime Link as the carrier. Prime Link has presented evidence that this "bill of lading" is the document signed by Audio Visual's project manager, who gave a copy to the Prime Link driver for Prime Link's records. Whether the challenged document is the parties' bill of lading in this case is a fact question to be decided by the trier of fact.

To limit its liability under the Carmack Amendment, Audio Visual must have had reasonable notice of the liability limitation claimed by Prime Link and had the opportunity to obtain information to enable it to make an informed decision whether to accept the limitation or obtain higher liability limits by paying a higher shipping rate. The evidence raises a genuine issue of material fact regarding Audio Visual's notice and access to necessary information. The evidence is also disputed regarding whether the shipment was covered by a contract of carriage with a bill of lading. These disputed facts must be resolved at trial and neither party is entitled to summary judgment in this case.

## III.   __CONCLUSION AND ORDER__

The parties have presented evidence which raises a genuine issue of material fact on the limitation of liability issue. As a result, summary judgment is not appropriate and it is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 44] and Defendant Prime Link's Cross-Motion for Summary Judgment on Limitation of Liability [Doc. # 46] are **DENIED**.  The parties are reminded that they are required to engage in good faith mediation prior to the November 17, 2006, docket call.

SIGNED at Houston, Texas, this **16th** day of **August, 2006**.

Nancy F. Atlas
United States District Judge